1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11  HOWARD YOUNG,                          No. 1:18-cv-01339-DAD-JDP (HC)

12                    Petitioner,           ORDER ON PARTIES' MOTIONS ON
                                            BRIEFING SCHEDULE
13          v.
                                            ECF Nos. 12, 18, 22, 23
14  C. PFEIFFER,
                                            ORDER ON PETITIONER'S MOTION FOR
15                    Respondent.           DISCOVERY

16                                          ECF No. 17

17
          Petitioner Howard Young, a state prisoner without counsel, seeks a writ of habeas corpus
18
    under 28 U.S.C. § 2254.  ECF No. 1.  Respondent moves for a one-day extension of time to file a
19
    motion to dismiss.  ECF No. 22.[1]  We will grant respondent's motion.
20
          Petitioner has filed two motions for an extension of time to file a traverse in support of his
21
    petition.  ECF Nos. 18, 22.  Because we will consider respondent's motion to dismiss, petitioner
22
    must file a response to the motion to dismiss; he need not file a traverse absent court order.
23
    Petitioner indicates that he has some difficulty accessing the law library at his prison, ECF No. 22
24
    at 1, so we will allow him sixty days to respond to the motion to dismiss.
25

26

27  ──────────────────
    [1] Respondent has filed a motion to dismiss along with the motion for extension of time.
28  ECF No. 24.
                                            1

In a document characterized as a motion for an extension of time, petitioner requests a court order compelling respondent to produce "all necessary legal documents currently withheld" by the prison. *Id*. It appears that respondent has attached all pertinent documents in support of the motion to dismiss, which pertains to exhaustion. *See generally* ECF No. 24. Respondent also raises other arguments such as jurisdiction, but those purely legal arguments do not require petitioner to adduce any evidence. If petitioner requires specific documents to respond to the motion to dismiss, he may identify those documents in his opposition to the motion; without any effort from petitioner to identify the specific documents he needs, we will not grant petitioner's vague discovery request. We will deny his request to compel the production of "all necessary legal documents currently withheld."

Petitioner separately filed a motion to compel discovery, which contains another discovery request. ECF No. 17. He asks the court to order respondent to provide petitioner with "all transcripts and other documents" that respondent files with this court. *Id*. Respondent has filed a declaration as proof of service in support of the motion to dismiss. ECF No. 24 at 79. Again, it appears to us that all pertinent documents have been served, *see id*. even though petitioner may dispute that fact in his opposition to the motion to dismiss. We will deny petitioner's motion to compel discovery as moot.

Finally, petitioner moves to "timely proceed," stating that respondent must respond to the petition on time. ECF No. 12. Other than a short extension of time, respondent has followed the scheduling order issued by this court. We will therefore deny petitioner's motion.

**Order**

    1.    Petitioner's motion to "Timely Proceed," ECF No. 12, is denied.

    2.    Petitioner's motion to compel discovery, ECF No. 17, is denied.

    3.    Petitioner's motions for extensions of time to file a traverse, ECF No. 18, 22, are denied.

    4.    Respondent's motion for an extension of time to file a motion to dismiss, ECF No. 23, is granted.

    5.    Petitioner's response to respondent's motion to dismiss is due in sixty days from

the service of this order.

IT IS SO ORDERED.

Dated:    June 5, 2019                                    _____
                                                         UNITED STATES MAGISTRATE JUDGE

No. 202