1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   HOWARD YOUNG,                          Case No.   1:18-cv-01339-DAD-JDP

12                  Petitioner,             FINDINGS AND RECOMMENDATIONS TO
                                            GRANT RESPONDENT'S MOTION TO
13        v.                                DISMISS

14   C. PFEIFFER,                           OBJECTIONS DUE IN FOURTEEN DAYS

15                  Respondent.             ECF No. 24

16                                          ORDER DENYING OUTSTANDING
                                            MOTIONS
17
                                            ECF Nos. 28, 29, 30, 36
18
                                            ORDER DISMISSING MOTION TO RULE
19                                          ON PENDING MOTIONS AS MOOT

20                                          ECF No. 40

21

22

23        Petitioner Howard Young, a state prisoner without counsel, petitions for a writ of habeas

corpus under 28 U.S.C. § 2254.  ECF No. 1.  He seeks relief from a 2017 denial of parole.  *Id*.
24
Respondent moves for dismissal, arguing that petitioner did not exhaust his state-level remedies
25
on one of his claims and that other claims are non-cognizable.  ECF No. 24.  Following
26
respondent's motion, petitioner has twice moved to amend his petition, has requested leave to
27
conduct discovery, and has asked the court to appoint counsel and to rule on all pending motions.
28

                                            1

ECF Nos. 29, 36, 28, 30, 40. For the reasons below, we find that petitioner exhausted his claims at the state level. However, because all of his claims either lack merit or are not cognizable, we recommend granting respondent's motion to dismiss; we deny all remaining motions.

## I. Background

Petitioner seeks a writ of habeas corpus, claiming that (1) his parole board hearing violated his due process rights; (2) his Sixth Amendment right to counsel was violated when he was not provided counsel before the parole board; (3) the parole board's failure to take his mental health into account violated his Eighth Amendment right to be free from cruel and unusual punishment; (4) the denial of transitional housing and reentry programs and the application of 19 mandatory points violated his constitutional rights; (5) the parole board hearing violated his right to equal protection under the Fourteenth Amendment; and (6) application of California's "some evidence" standard violated his constitutional rights. ECF No. 1.

Respondent seeks dismissal, arguing that four of the petitioner's claims—due process before the parole board, right to counsel before the parole board, freedom from cruel and unusual punishment in parole suitability determinations, and denial of access to transitional housing and reentry programs—are not cognizable on federal habeas review. *See* ECF No. 24. Respondent does not address petitioner's remaining two claims: violation of his right to equal protection before the parole board and wrongful application of California's "some evidence" standard.

## II. Discussion

Under Rule 2(c) of the Rules Governing Section 2254 Cases, habeas petitioners must "specify all the grounds for relief available to [him]" and "state the facts supporting each ground." *See Hendricks v. Vasquez*, 908 F.2d 490, 491-92 (9th Cir. 1990) (requiring that habeas petitioner state his claims with sufficient specificity). This court may dismiss a deficient habeas petition at various stages. "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." R. Governing § 2254 Cases 4. The court may dismiss a petition for writ of habeas corpus either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer has been filed. *See id*. 8 advisory comm. note.

In this case, defendant has filed a motion seeking dismissal of four of petitioner's six claims and has yet to file an answer. We will consider petitioner's two remaining claims on our own motion. *See id.*

### A. Failure to Exhaust

We first consider whether petitioner has met the exhaustion requirement. When a habeas petitioner has presented the state court with the factual and legal bases of his claim, the state court has had sufficient opportunity to hear an issue. *See Weaver v. Thompson*, 197 F.3d 359, 364 (9th Cir. 1999); *Kyzar v. Ryan*, 780 F.3d 940, 947 (9th Cir. 2015) ("In order to fairly present an issue to a state court, a [habeas] petitioner must present the substance of his claim to the state courts, including a reference to a federal constitutional guarantee and a statement of facts that entitle the petitioner to relief."). Exhaustion is satisfied once a claim is fairly presented to the state court, even if the state court's order denying the petition is silent on the claim. *See Dye v. Hofbauer*, 546 U.S. 1, 3 (2005) (per curiam); *Smith v. Digmon*, 434 U.S. 332, 333 (1978) (per curiam); *Harrington v. Richter*, 562 U.S. 86, 99 (2011) ("When a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary.").

Here, respondent argues that petitioner failed to exhaust his claim that prison officials violated his constitutional rights when he was inappropriately denied transitional housing and access to a reentry program and assigned 19 mandatory points. ECF No. 24 at 3-4. In his opposition, petitioner states that he exhausted this claim before the state supreme court in a separate habeas petition not cited by the respondent. ECF No. 26 at 1. We agree; in the cited petition, he argued that he should be "allowed to participate in transitional programming, including reentry" programming. *Id*. at 20-21; *see In re Young (Howard) on H.C.*, No. S250204 (Cal. Dec. 19, 2018). We find that petitioner fully exhausted his housing and reentry programming claim, and we will consider it here, along with petitioner's remaining claims.[1]

---

[1] Had petitioner not exhausted, we could still reach the merits. If it is "perfectly clear" that a petitioner has "failed to present a colorable federal claim," we may dismiss the claim on the

## B.    Due Process Violation

In our order requiring a response to the petition, we recognized that petitioner's claims center on an alleged violation of his due process rights during his parole hearing, for which habeas relief is difficult to obtain. ECF No. 13 at 1. "The habeas statute unambiguously provides that a federal court may issue a writ of habeas corpus to a state prisoner 'only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.'" *Wilson v. Corcoran*, 562 U.S. 1, 5 (2010) (per curiam) (quoting 28 U.S.C. § 2254(a)). "[F]ederal habeas corpus relief does not lie for errors of state law." *Estelle v. McGuire*, 502 U.S. 62, 67 (1991) (quoting *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990)). In *Swarthout*, the Supreme Court considered the California state parole hearing procedure afforded California state prisoners. *See Swarthout v. Cooke*, 562 U.S. 216, 220 (2011). The relevant due process inquiry on federal habeas review is whether state procedures met certain minimum procedural requirements. *Id*. Constitutionally adequate process includes "an opportunity to be heard" and "a statement of the reasons why parole was denied." *Greenholtz v. Inmates of Neb. Penal and Correctional Complex*, 442 U.S. 1, 6 (1979). The Constitution requires no more. *Id*. In *Swarthout*, the Court found the California parole procedures adequate, declining to require more than a hearing and a statement of the reasons for denial. *See Swarthout*, 562 U.S. at 220.

Here, petitioner argues that his due process rights were violated because he was not allowed to attend his parole hearing or appeal its outcome, and the hearing panel was not composed of three commissioners. Petitioner got notice on July 1, 2017 that his parole review had been scheduled. ECF No. 24 at 12. He had 30 days to state his case for parole in writing. *Id*. The parole review took place on September 28, 2017, nearly two months after the initial notice. ECF No. 26 at 34. When he was denied parole following the review hearing, petitioner filed a request for reconsideration, and the parole board's decision was upheld. *Id*. Respondent provided petitioner with a list of reasons for the denial. *Id*. Under *Swarthout*, no additional

merits, regardless of a failure to exhaust. *See Cassett v. Stewart*, 406 F.3d 614, 624 (9th Cir. 2005); 28 U.S.C. § 2254(b)(2); *Padilla v. Terhune*, 309 F.3d 614, 620-21 (9th Cir. 2002).

procedure is required. Petitioner's due process claims related to his parole hearing are without merit, and we recommend their dismissal.

### C. Right to Counsel

Petitioner claims that his Sixth Amendment right to counsel was violated because he was not afforded counsel at his parole hearing. He is mistaken. "There is no clearly established right to counsel at parole suitability hearings." *Lopez v. California*, No. 1:14-cv-00504 MJS HC, 2014 U.S. Dist. LEXIS 63999, at *14 (E.D. Cal. May 8, 2014). The Supreme Court has declined to create a rule requiring counsel at all parole hearings, stating that the "decision as to the need for counsel must be made on a case-by-case basis in the exercise of a sound discretion by the state authority charged with responsibility for administering the probation and parole system." *Gagnon v. Scarpelli*, 411 U.S. 778, 788-89 (1973). Petitioner's right to counsel claim fails and we recommend that it be dismissed.

### D. Equal Protection Violation

Petitioner claims that the failure to appoint counsel for his parole hearing, the denial of the opportunity to appear at the hearing, the inability to appeal the hearing's outcome, and the composition of the panel violated his right to equal protection under the law. This claim fails. "Prisoners are protected under the Equal Protection Clause of the Fourteenth Amendment from invidious discrimination based on race, religion, or membership in a protected class subject to restrictions and limitations necessitated by legitimate penological interests." *Brooks v. Borders*, No. CV 17-02535-RGK (DFM), U.S. Dist. 2018 LEXIS 178836, at *5 (C.D. Cal. Feb. 13, 2018) (citing *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974)). An equal protection claim can be made out if a petitioner alleges intentional discrimination based on the petitioner's membership in a protected class. *See Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). A claim can also be made out if a petitioner shows that the respondent treated him differently than other similarly-situated individuals for a reason not rationally related to a legitimate state purpose. *See Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000). Here, petitioner has not claimed any discrimination based on race, religion, or membership in a protected class. He has not presented

any evidence of differential treatment as compared to individuals of a similarly-situated class. Therefore, his equal protection claim fails and we recommend that it be dismissed.

### E.     Cruel and Unusual Punishment

Petitioner claims that respondent's failure to take his mental health into account in determining his parole status amounts to a violation of the Eighth Amendment prohibition against cruel and unusual punishment.  Specifically, petitioner claims that his mental illness played a role in his rule violations.  On habeas review, "the federal court's scope of review of parole board decisions is very limited." *Pedro v. Oregon Parole Bd.*, 825 F.2d 1396, 1399 (9th Cir. 1987).  "If there is no constitutional violation . . . the court may not substitute its decision for that of the [b]oard." *Id.*  The court's inquiry here is limited to whether "the minimum procedures adequate for due-process protection" were followed.  *Swarthout*, 562 U.S. at 221.  We will not inquire into the adequacy of evidence considered by a parole board.  *See Pedro*, 825 F.2d at 1399.

Because we find that the procedures afforded by the parole board did not violate petitioner's constitutional rights, we decline to determine whether the parole board adequately considered petitioner's mental health status in its decision.[2]  We recommend that petitioner's claim be dismissed.

### F.     "Some Evidence" Standard of Review

Petitioner claims that the parole board's application of California's "some evidence" standard violated his constitutional rights.  Generally, California's "some evidence" standard requires that a parole board's decision be supported by at least some evidence in the record.  *In re Shaputis*, 44 Cal. 4th 1241, 1246 (Cal. 2008).  This is not, however, a federal constitutional rule.  The Supreme Court definitively stated that federal courts should not convert California's "some evidence" rule "into a substantive federal requirement." *Swarthout*, 562 U.S. at 220-21; *see Ledesma v. Marshall*, 466 F. App'x 647, 648 (9th Cir. 2012) ("[F]ederal habeas relief is not available based on the misapplication of California's 'some evidence' rule of judicial review.").

---

[2] Contrary to petitioner's assertion, the review board did consider a long list of aggravating and mitigating factors when making their decision and provided these in writing to petitioner.  *See* ECF No. 26 at 35-39.

Therefore, petitioner's claim that the application of the "some evidence" standard violated his constitutional rights is not cognizable and we recommend that it be dismissed.

### G. Housing and Programs Denial and Mandatory Points

Finally, petitioner claims that the denial of transitional housing and reentry programming and the application of 19 mandatory points violated his constitutional rights. Under section 2254, a writ of habeas corpus is available to prisoners challenging the fact or duration of their confinement. *See Heck v. Humphrey*, 512 U.S. 477, 481 (1994). In contrast, if a favorable judgment for the petitioner would not "necessarily lead to his immediate or earlier release from confinement," the court lacks habeas corpus jurisdiction. *See Nettles v. Grounds*, 830 F.3d 922, 935-37 (9th Cir. 2016). "Requests for relief turning on circumstances of confinement may be presented in a [42 U.S.C.] § 1983 action." *Muhammad v. Close*, 540 U.S. 749, 750 (2004). Here, petitioner's housing and programming complaints are challenges to the conditions of his confinement, not to the fact or duration thereof. Petitioner's challenge to the application of 19 mandatory points is vague and conclusory. He explains neither the significance of the points nor how the points deprived him of any constitutional right. Without additional facts, we cannot determine whether the mandatory points affected the duration of his confinement. Therefore, we recommend dismissal of petitioner's housing, programming, and mandatory points claims as non-cognizable.

### III. Motions to Amend

Petitioner submitted two motions to amend his petition. ECF No. 29, 36. Both motions seek the same general relief: leave to add a claim that petitioner's due process rights were violated at the parole hearing. *See* ECF No. 29 at 1; ECF No. 36 at 1. Courts "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). However, we may deny leave to amend under Rule 15(a) when such amendment would be futile. *See Foman v. Davis*, 371 U.S. 178, 182 (1962). Petitioner seeks leave to amend his petition with a claim already considered and found meritless here.[3] *See* discussion *supra* Part B. An additional claim that

---

[3] Petitioner cites to *Swarthout* in support of his motion, but it provides no support. Under *Swarthout*, this court's inquiry is limited to whether petitioner was given an opportunity to be

1     petitioner's due process rights were violated at the parole hearing would be futile. Therefore,

2     petitioner's motions to amend are denied.

3 **IV.    Motion for Discovery**

4          Petitioner seeks to conduct discovery. ECF No. 28. A habeas petitioner, "unlike the usual

5     civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." *Bracy v.*

6     *Gramley*, 520 U.S. 899, 904 (1997). Under Rule 6(a) of the Rules Governing Section 2254

7     Cases, a federal district court may authorize discovery in a habeas proceeding for good cause.

8     *See id.* at 904-05. Good cause exists if "specific allegations before the court show reason to

9     believe that the petitioner may, if the facts are fully developed," demonstrate entitlement to

10     habeas relief. *Smith v. Mahoney*, 611 F.3d 978, 996-97 (9th Cir. 2010). However, "bald

11     assertions and conclusory allegations" do not "provide a basis for imposing upon the state the

12     burden of responding in discovery to every habeas petitioner who wishes to seek such discovery."

13     *Mayberry v. Petsock*, 821 F.2d 179, 185 (3d Cir. 1987) (citing *Wacht v. Cardwell*, 604 F.2d 1245,

14     1246 n.2 (9th Cir. 1979)).

15          Here, petitioner seeks copies of all documents in his prison file, including documents that

16     were considered during the parole review process. ECF No. 28 at 1. Petitioner has not given the

17     court "reason to believe that the petitioner may, if the facts are fully developed," demonstrate

18     entitlement to habeas relief. *Smith*, 611 F.3d at 996-97. We therefore deny the motion for

19     discovery.

20 **V.    Motion to Appoint Counsel**

21          Petitioner moves for the appointment of counsel. ECF No. 30. He specifically seeks

22     counsel to review documents that he requested in his motion for discovery. ECF No. 28. A

23     petitioner in a habeas proceeding does not have an absolute right to counsel. *See Anderson v.*

24     *Heinze*, 258 F.2d 479, 481 (9th Cir. 1958). There are three circumstances in which appointment

25     of counsel may be required in habeas proceedings. First, appointment of counsel is required for

26     an indigent person seeking to vacate or set aside a death sentence in post-conviction proceedings

27

28     heard by the parole board and an explanation of the parole board's denial. Petitioner got both.

under 28 U.S.C §§ 2254 or 2255. *See* 18 U.S.C. § 3599(a)(2). Second, appointment of counsel may be required if an evidentiary hearing is warranted. *See* R. Governing § 2254 Cases 8(c). Third, appointment of counsel may be necessary for effective discovery. *See id*. at 6(a). None of these situations is present here.

This court is further authorized to appoint counsel for an indigent petitioner in a habeas corpus proceeding if the court determines that the interests of justice require the assistance of counsel. *See Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986); 18 U.S.C. § 3006A(a)(2)(B). However, "[i]ndigent state prisoners applying for habeas corpus relief are not entitled to appointed counsel unless the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations." *Chaney*, 801 F.2d at 1196. In assessing whether to appoint counsel, the court evaluates the petitioner's likelihood of success on the merits as well as the ability of the petitioner to articulate his claims without counsel, considering the complexity of the legal issues involved. *See Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983).

We cannot conclude at this point that counsel is necessary to prevent a due process violation. The legal issues currently involved are not exceptionally complicated, petitioner is able to articulate his claims, and he has not demonstrated that he is likely to succeed on the merits. Specifically, petitioner seeks counsel to review discovery. Because we deny the motion for discovery, appointed counsel is not necessary for this purpose. We find that appointed counsel is not necessary to guard against a due process violation and that the interests of justice do not require the appointment of counsel. Petitioner's motion is denied.

## VI. Motion to Rule on Pending Motions

Petitioner requested rulings on his outstanding motions. ECF No. 40. Because all outstanding motions have been addressed here, we dismiss this motion as moot.

## VII. Certificate of Appealability

A petitioner seeking a writ of habeas corpus has no absolute right to appeal a district court's denial of a petition; he may appeal only in limited circumstances. *See* 28 U.S.C. § 2253; *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). Rule 11 Governing Section 2254 Cases

9

requires a district court to issue or deny a certificate of appealability when entering a final order adverse to a petitioner.  *See also* Ninth Circuit Rule 22-1(a); *United States v. Asrar*, 116 F.3d 1268, 1270 (9th Cir. 1997).  A certificate of appealability will not issue unless a petitioner makes "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  This standard requires the petitioner to show that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  *Miller-El*, 537 U.S. at 327; *accord Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Here, petitioner has not made a substantial showing of the denial of a constitutional right. Thus, the court should decline to issue a certificate of appealability.

**VIII.  Order**

Accordingly,

1. Petitioner's motions to amend are denied.  ECF No. 29, 36.

2. Petitioner's motion for discovery is denied.  ECF No. 28.

3. Petitioner's motion to appoint counsel is denied.  ECF No. 30.

4. Petitioner's motion to rule on pending motions is dismissed as moot.  ECF No. 40.

**IX.    Findings and Recommendations**

We recommend that the court grant respondent's motion to dismiss.  ECF No. 24. These findings and recommendations are submitted to the U.S. District Court judge presiding over this case under 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within 14 days of the service of the findings and recommendations, any party may file written objections to the findings and recommendations with the court and serve a copy on all parties.  That document must be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The district judge will then review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C).

IT IS SO ORDERED.

Dated:     February 25, 2020     

                                        UNITED STATES MAGISTRATE JUDGE

No. 206.