| | |
|---|---|
| HOWARD A. YOUNG,<br><br>                    Petitioner,<br><br>     v.<br><br>C. PFEIFFER,<br><br>                    Respondent. | No. 1:18-cv-01339-DAD-JDP (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, GRANTING RESPONDENT'S MOTION TO DISMISS, DENYING PETITIONER'S HABEAS PETITION IN ITS ENTIRETY, AND GRANTING PETITIONER'S REQUEST FOR A COPY OF HIS OBJECTIONS<br><br>(Doc. Nos. 1, 41, 45) |

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

Petitioner Howard Young is a state prisoner proceeding *pro se* with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 and seeking relief from his 2017 denial of parole by the California Board of Parole Hearings. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On June 4, 2019, respondent moved to dismiss the pending petition. (Doc. No. 24.) On February 26, 2020, the assigned magistrate judge issued findings and recommendations, recommending that the court grant respondent's motion to dismiss four of petitioner's claims because they either lack merit on their face or are not cognizable claims for federal habeas relief. (Doc. No. 41.) The magistrate judge, on his own motion, further recommended dismissal of

petitioner's two remaining claims for the same reasons. The findings and recommendations were served on both parties and contained notice that any objections thereto were to be filed within fourteen (14) days from the date of service of the order. (*Id.* at 10.) Petitioner's motion for an extension of time to March 19, 2020 in order to file his objections was granted. (Doc. No. 43.) On March 19, 2020, petitioner timely sent the court his objections to the pending findings and recommendations, which the court received on March 24, 2020. (Doc. No. 44.)

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(C), the court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, including petitioner's objections, the court concludes that the findings and recommendations are supported by the record and proper analysis.

In his objections, petitioner reiterates several arguments that he had previously made in either his habeas petition or his opposition to respondent's motion to dismiss and that were already addressed in the pending findings and recommendations. (Doc. No. 44; *see also* Doc. Nos. 1, 26.) The court will therefore only address petitioner's new arguments.

First, petitioner argues that the magistrate judge misconstrued the Supreme Court's holding of *Swarthout v. Cooke*, 562 U.S. 216 (2011), in rejecting his due process claim. (Doc. No. 44 at 2–4.) Petitioner appears to assert that, under *Cooke*, the federal Due Process Clause requires that inmates be allowed to appear and speak in person at their parole hearings and be provided an attorney for the proceeding. (Doc. Nos. 1 at 5; 44 at 2 (citing *Cooke*, 562 U.S. at 220).) This is not so. The section in *Cooke* referenced by petitioner reads:

> Whatever liberty interest exists is, of course, a state interest created by California law. There is no right under the Federal Constitution to be conditionally released before the expiration of a valid sentence, and the States are under no duty to offer parole to their prisoners. When, however, a State creates a liberty interest, the Due Process Clause requires fair procedures for its vindication— and federal courts will review the application of those constitutionally required procedures. *In the context of parole, we have held that the procedures required are minimal. In* Greenholtz, *we found that a prisoner subject to a parole statute similar to California's received adequate process when he was allowed an opportunity to be heard and was provided a statement of the reasons why parole was denied.* "The Constitution," we held, "does not require more." Cooke and Clay received at least this amount of process: They were allowed to speak at their parole

2

> hearings and to contest the evidence against them, were afforded access to their records in advance, and were notified as to the reasons why parole was denied.

*Cooke*, 562 U.S. at 220 (citations omitted) (emphasis added). In other words, a state may create a liberty interest and establish procedures for its vindication, but federal habeas relief sought pursuant to the federal Due Process Clause hinges not on compliance with those state procedures but with what the federal Constitution requires.[1] *See id.* (holding that "the minimum procedures adequate for due process protection of [the interest in parole] are those set forth in *Greenholtz*."); *see also Roberts v. Hartley*, 640 F.3d 1042, 1046–47 (9th Cir. 2011) (noting that "[t]he question of which due process requirements apply is one of federal law, not [state] law" (quoting *Cooke*, 562 U.S. at 221 n.1)). In that context, the Supreme Court has unequivocally held that the only procedures required are an opportunity to be heard and a statement of why parole was denied. *Cooke*, 562 U.S. at 220. "The Constitution does not require more." *Greenholtz v. Inmates of Nebraska Penal & Corr. Complex*, 442 U.S. 1, 16 (1979).

Since *Cooke*, the Ninth Circuit has rigorously applying its holding. For example, in reversing a California district court's grant of a habeas petition, the Ninth Circuit stated:

> *Cooke* was unequivocal in holding that if an inmate seeking parole receives an opportunity to be heard, a notification of the reasons as to denial of parole, and access to their records in advance, "[t]hat should . . . be [ ] the beginning and the end of [the] inquiry into whether [the inmate] received due process." To reiterate, Pearson has not questioned whether those procedures were provided, and therefore, after *Cooke*, our inquiry is at its end.

---

[1] A California Court of Appeal has noted that, as a matter of federal constitutional law, "due process includes the right of the parolee to appear in person at his or her parole *revocation* hearing." *In re J.G.*, 159 Cal. App. 4th 1056, 1064 (2008) (quoting *Morrissey v. Brewer*, 408 U.S. 488–89 (1972)) (emphasis added). But that court declined to address whether an inmate is entitled to any specific due process protections—state or federal—in a parole *consideration* hearing, only concluding that an inmate is entitled to various rights in connection with such a hearing as provided by California statute. *Id.* The state appellate court also affirmed that "'[a]n incarcerated individual for whom a parole date has not been set possesses less of an expectation of liberty than one for whom a release date previously has been established by the Board.'" *Id.* (quoting *In re Rosenkrantz*, 29 Cal. 4th 616, 656 (2002)). Thus, even if the state had erred as a matter of state statutory law by refusing petitioner the opportunity to appear at his parole hearing in person, "[a] state's misapplication of its own laws does not provide a basis for granting a federal writ of habeas corpus." *Roberts v. Hartley*, 640 F.3d 1042, 1046 (9th Cir. 2011) (citing 28 U.S.C. § 2254(a) and *Cooke*, 562 U.S. at 219.)

3

1 *Pearson v. Muntz*, 639 F.3d 1185, 1191 (9th Cir. 2011) (quoting *Cooke*, 562 U.S. at 220.).[2] Here, petitioner does not deny that he received an opportunity to be heard in connection with his consideration for release on parole; rather, he objects that he was not heard in person and was not provided an attorney for the hearing. (Doc. Nos. 1 at 5; 44 at 2.) Neither appear to be guaranteed under the U.S. Constitution's Due Process Clause.

Next, petitioner argues that the prison's denial of his preferred housing placement and preferred program participation prevents him from earning work credits, which will decrease his chances of being found eligible for parole. (Doc. No. 44 at 7–8.) Claims for relief that will not *necessarily* lead to immediate or earlier release from confinement do not fall within the "core of habeas corpus." *See Nettles v. Grounds*, 830 F.3d 922, 935 (9th Cir. 2016) (en banc). The mere possibility of earlier parole does not make his claim cognizable. *See id.* at 934–35. Because petitioner has failed to show how placement in his preferred housing and programs will necessarily lead to his immediate or earlier release, the court cannot grant federal habeas relief on petitioner's claim.

Finally, petitioner seeks relief from the prison's application of nineteen mandatory points arising from rules violation reports to his record. (Doc. No. 44 at 8.) Petitioner states that these points will affect his chances of being placed in transitional housing and therefore will ultimately affect the duration of his confinement. (*Id.*) However, petitioner's claim that the points will affect the duration of his confinement is merely speculative because "[t]he decision to release a prisoner rests on a myriad of considerations." *Sandin v. Conner*, 515 U.S. 472, 487 (1995). Even if his nineteen points were removed, the parole board "will still have the authority to deny . . . parole on the basis of any of the grounds presently available to it in evaluating such a request." *Ramirez v. Galaza*, 334 F.3d 850, 859 (9th Cir. 2003). Thus, petitioner has failed to show how the presence of these points stemming from disciplinary proceedings will necessarily lead to his immediate or earlier release from confinement. *See Nettles*, 830 F.3d at 934–35.

---

[2] In a similar case, the Ninth Circuit again affirmed that: "*Cooke* clearly holds that the 'responsibility for assuring that the constitutionally adequate procedures governing California's parole system are properly applied rests with California courts.'" *Roberts v. Hartley*, 640 F.3d 1042, 1047 (9th Cir. 2011) (quoting *Cooke*, 562 U.S. at 222).

4

Having found that petitioner is not entitled to habeas relief, the court now turns to whether a certificate of appealability should issue. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, as an appeal is only allowed under certain circumstances. *See* 28 U.S.C. § 2253; *Miller-El v. Cockrell*, 537 U.S. 322, 335-336 (2003). In addition, Rule 11 of the Rules Governing Section 2254 Cases requires that a district court issue or deny a certificate of appealability when entering a final order adverse to a petitioner. *See also* Ninth Circuit Rule 22-1(a); *United States v. Asrar*, 116 F.3d 1268, 1270 (9th Cir. 1997).

If, as here, a court denies relief to a habeas petitioner, the court may only issue a certificate of appealability when "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make a substantial showing, the petitioner must establish that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)).

In the present case, the court concludes that petitioner has not made the required substantial showing of the denial of a constitutional right to justify the issuance of a certificate of appealability. Reasonable jurists would not find the court's determination that petitioner is not entitled to federal habeas corpus relief wrong or debatable, and they would not conclude that petitioner is deserving of encouragement to proceed further. The court therefore declines to issue a certificate of appealability.

Finally, petitioner requests that the court provide him a copy of his objections to the magistrate judge's findings and recommendations because he had to send in the original document and was not allowed to make any copies due to the restrictions put into place as a result of the COVID-19 pandemic. (Doc. No. 45.) Good cause having been shown, petitioner's request in this regard will be granted.

/////

/////

Accordingly:

1. The findings and recommendations issued on February 26, 2020 (Doc. No. 41), are adopted in full;
2. Respondent's motion to dismiss (Doc. No. 24) is granted;
3. The petition for a writ of habeas corpus (Doc. No. 1) is denied in its entirety;
4. The court declines to issue a certificate of appealability;
5. Petitioner's request (Doc. No. 45) to be sent a copy of his objections (Doc. No. 44) to the magistrate judge's findings and recommendations is granted and the Clerk of the Court is directed to serve petitioner a copy of his objections (Doc. No. 44) to the magistrate judge's findings and recommendations: and
6. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: **April 13, 2020**

UNITED STATES DISTRICT JUDGE