UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOWARD YOUNG,<br><br>　　　　　Petitioner,<br><br>　v.<br><br>C. PFEIFFER,<br><br>　　　　　Respondent. | No. 1:18-cv-01339-DAD-JDP (HC)<br><br>ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION<br><br>(Doc. No. 48) |

　　　　Petitioner Howard Young is a state prisoner proceeding *pro se* with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

　　　　On April 13, 2020, the court adopted in full the February 26, 2020 findings and recommendations issued by the assigned magistrate judge. (Doc. Nos. 41, 46.) In that order, the court granted respondent's motion to dismiss, denied petitioner federal habeas relief, and closed the case. (Doc. No. 46.) On May 4, 2020, petitioner moved for reconsideration of the final judgment under Federal Rule of Civil Procedure 60. (Doc. No. 48.)

　　　　Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the district court. Rule 60(b) permits a district court to relieve a party from a final order or judgment for the following reasons:

/////

1

>           (1) mistake, inadvertence, surprise, or excusable neglect;
>
>           (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
>           (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
>           (4) the judgment is void;
>
>           (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
>           (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).  A motion under Rule 60(b) must be made within a reasonable time, typically "not more than one year after the judgment or order or the date of the proceeding." *Id.* Such a motion should not be granted "absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," and it "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (internal quotation marks and citations omitted); *see also Kona Enters., Inc. v. Estate of Bishop*, 229 F. 3d 877, 890 (9th Cir. 2000) (noting that reconsideration should be granted "sparingly in the interests of finality and conservation of judicial resources").  Further, Local Rule 230(j) requires, in relevant part, that a movant show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion", "what other grounds exist for the motion," and "why the facts or circumstances were not shown at the time of the prior motion."

Here, petitioner has not claimed in his pending motion that any of the grounds requiring reconsideration are present—such as fraud, new evidence, or mistake—nor has he presented any other reason that justifies relief.  (*See* Doc. No. 48.)  Rather, he merely reiterates the arguments raised in his previous filings with this court. (*Compare id. with* Doc. Nos. 1, 26, 44.)

/////

For example, with regards to his due process claim, petitioner again appears to conflate procedures that courts approved as having met or exceeded due process requirements with what is minimally required by the federal Due Process Clause. As the court explained in its April 13, 2020 order, "the minimum procedures adequate for [federal] due process protection of [the interest in parole] are those set forth in *Greenholtz*," namely, "an opportunity to be heard and . . . a statement of the reasons why parole was denied." *Young v. Pfeiffer*, No. 1:18-cv-01339-DAD-JDP (HC), 2020 WL 1853044, at *1 (E.D. Cal. Apr. 13, 2020) (citing *Swarthout v. Cooke*, 562 U.S. 216, 220 (2011) and *Greenholtz v. Inmates of Nebraska Penal & Corr. Complex*, 442 U.S. 1, 16 (1979)). Here, though petitioner was not allowed to be heard *in person* at his parole consideration hearing, there is no question that petitioner received both an opportunity to be heard and a statement of the reasons why parole was denied.

Petitioner also seeks reconsideration of his claim that the prison wrongfully applied nineteen mandatory points (the "points") to his record for various rules violation reports. (Doc. No. 48 at 4–5.) In his motion, he explains that the points prevent him from earning good-time and work-time credits, thereby affecting the duration of his confinement. (*Id.*) Even if it was true that the application of these points *necessarily* prolonged the duration of his confinement,[1] petitioner provides no explanation as to why, as required, this information was not presented to the court earlier. *See Marlyn Nutraceuticals*, 571 F.3d at 880; Local Rule 230(j). Not only does the same deficiency plague his argument that the imposition of the points violates the prohibition against *ex post facto* laws—which he only raises now for the first time in his motion for reconsideration—he neglects to identify the law that allegedly applies *ex post facto* and does not provide any legal analysis to support his contention in this regard. (Doc. 48 at 4.)

/////

/////

---

[1] Because it does not appear that removing the points will *necessarily* lead to him earning good-time or work-time credits that would lead to his earlier release, petitioner's claim does not fall within "the core of habeas corpus." *Nettles v. Grounds*, 830 F.3d 922, 935 (9th Cir. 2016) (*en banc*). *Cf. Wilkinson v. Dotson*, 544 U.S. 74, 78–79 (2005) (noting that actions to *restore* already earned good-time credits "lies at the core of habeas corpus").

Accordingly, petitioner's motion for reconsideration (Doc. No. 48) is denied. No further orders will issue in this closed case.

IT IS SO ORDERED.

Dated:  **May 7, 2020**

*Dale A. Drozd*
UNITED STATES DISTRICT JUDGE